EXHIBIT "1"

James R. Patterson, State Bar No. 211102
Alisa A. Martin, State Bar No. 224037
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
jim@pattersonlawgroup.com
alisa@pattersonlawgroup.com

Attorneys for Plaintiff and the Class

David C. Powell (SBN 129781)
David S. Reidy (SBN 225904)
Lisa B. Kim (SBN 229369)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone:     +1 213 457 8000
Facsimile:     +1 213 457 8080
Email: dpowell@reedsmith.com
Email: dreidy@reedsmith.com
Email: lkim@reedsmith.com

Attorneys for BANK OF AMERICA, N.A.

(Additional counsel listed on the next page)

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN VESS, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendants. | CASE NO. 3:10-cv-00920-AJB(WVG)<br><br>**CLASS ACTION**<br><br>**SETTLEMENT AGREEMENT**<br><br>Complaint Filed: April 29, 2010<br><br>The Honorable Anthony J. Battaglia |

1        This Class Action Settlement Agreement ("Agreement") is entered into by and

2  among Brian Vess, on behalf of himself and a class defined herein (collectively "Plaintiff") and

3  Bank of America, N.A., on behalf of itself ("BANA" or "Defendant"), by and through their

4  respective counsel of record. This Agreement is intended by Plaintiff and BANA (collectively

5  "the Parties") to fully, finally and forever compromise, resolve, discharge and settle the Released

6  Claims, upon and subject to the terms and conditions hereof, and subject to Court approval.

## RECITALS

8      A.    On April 29, 2010, Plaintiff Vess filed a putative class action complaint against

9  BANA in the Southern District of California, Case No. 3:10-cv-00920-AJB(WVG). Plaintiff Vess

10  sought relief on behalf of a putative nationwide class of home equity line of credit ("HELOC")

11  customers, asserting claims for purported breaches of contract and violations of the Truth-in-

12  Lending Act, 15 U.S.C. § 1647 *et. seq.*, its implementing regulation, Regulation Z, 12 C.F.R. §

13  226.5b, and California state laws based on BANA's suspension or reduction of the customers'

14  HELOC loans.

15      B.    On January 13, 2012, the Court granted in part and denied in part BANA's Motion

16  to Dismiss Plaintiff's Complaint. (Dkt. 25.) Plaintiff filed his First Amended Complaint on

17  February 13, 2012 (Dkt. 26). BANA moved to dismiss the First Amended Complaint, (Dkt. 38),

18  but withdrew the motion when the Parties reached a settlement, which is reflected herein. (Dkt.

19  41).

20      C.    The Parties vigorously litigated the issues involved in the case. The Parties have

21  briefed motions to dismiss, one of which was granted in part and denied in part, and exchanged

22  discovery. The Parties additionally engaged in preliminary settlement discussions and meetings

23  that culminated in a formal mediation before Bruce A. Friedman, Esq. on September 5, 2012. The

24  settlement negotiations centered around BANA's alleged practices with respect to suspending or

25  reducing customer HELOCs. Through the mediation process and arms-length negotiations, the

26  Parties reached agreement as to the material terms of a proposed class-wide settlement. Following

27  agreement as to the basic parameters of a class-wide settlement, the Parties continued to negotiate

28

over attorneys' fees and class member incentive awards. The Parties ultimately reached an agreement that is reflected herein.

D. BANA denied and continues to deny that it committed, threatened or attempted to commit any of the alleged wrongful acts or violations that are alleged in Plaintiff's pleadings, or that it engaged in any other wrongdoing. Among other things, BANA contends that it had a proper basis to suspend and reduce its customers' HELOCs, that it complied with the Truth-in-Lending Act and Regulation Z, and that customers who comprise the putative class have incurred no damages and are not entitled to any relief from BANA. BANA further contends that it has meritorious defenses and that it is prepared to vigorously defend the case on various procedural and substantive grounds. Nonetheless, taking into account the uncertainty, risks, expense, and distractions inherent in any litigation, BANA desires to settle this matter.

E. Plaintiff believes that the asserted claims have merit but recognize and acknowledge the risk, uncertainty, expense, and delay associated with continued prosecution of the Action against BANA through trial and any subsequent appeals. Plaintiff also has taken into consideration that BANA has already implemented various modifications to its policies and procedures for suspending or restricting HELOC accounts, and that BANA has reinstated a number of the HELOC Accounts that were previously suspended or reduced, which is a benefit to many class members. Therefore, Plaintiff and Class Counsel believe that this Agreement is in the best interests of the Class, and that the Released Claims should be fully and finally compromised, settled, and resolved with prejudice under this Agreement.

THEREFORE IT IS STIPULATED AND AGREED by the Parties, subject to Court approval, that the Action shall be dismissed with prejudice, subject to the terms and conditions set forth below.

**1.  DEFINITIONS.**

As used in this Agreement, the following terms have the meanings specified below:

**1.1  "Action" or "Litigation"** means the lawsuit initiated by Brian Vess on April 29, 2010 against BANA in the Southern District of California, Case No. 3:10-cv-00920-AJB(WVG).

- 3 -

**1.2** **"BANA's Counsel"** means David C. Powell, David S. Reidy, and Lisa B. Kim of Reed Smith LLP.

**1.3** **"Class"** means, for the purposes of settlement only, the Parties agree to the certification of the following "Settlement Class" or "Class": All Bank of America customers in the United States that currently have open HELOC Accounts with the Bank that were suspended or reduced during the period from January 1, 2008 to April 29, 2010 based on Bank of America's claim that the property securing the HELOC had significantly declined in value. Excluded from the proposed Class are the Judges presiding over this case and any of their employees or immediate family members.

**1.4** **"Class Counsel"** means James R. Patterson and Alisa A. Martin of Patterson Law Group, APC and Steven L. Woodrow of Edelson LLC.

**1.5** **"Class Member"** means a Person who falls within the definition of the Class as set forth above.

**1.6** **"Class Notice"** means the documents disseminated to the persons in the Settlement Class describing this Agreement that shall be provided in the manner described in Paragraph 5 below. The Parties' proposed Class Notice is attached as Exhibit B.

**1.7** **"Class Representative"** means the named Plaintiff Brian Vess, subject to Court approval.

**1.8** **"Collateral Deterioration"** means a significant decline in the value of the property or dwelling securing the HELOC.

**1.9** **"Complaint"** means the First Amended Complaint filed on or about February 13, 2012.

**1.10** **"Court"** means the United States District Court for the Southern District of California.

**1.11** **"Effective Date"** means the date by which the Judgment giving final approval of this Settlement becomes Final. The Judgment becomes "Final" upon the later of: (i) if an appeal is filed, the date of affirmance, dismissal, or final resolution of the appeal; or (ii)) if no appeal is

- 4 -

filed, the expiration date of the time for the filing or noticing of any appeal from the Court's Judgment.

**1.12** **"Fairness Hearing"** means the final approval hearing before the Court where the Parties will request Judgment be entered by the Court approving the Agreement as fair, reasonable and adequate, and ruling on the requests for Fee Award, and the incentive awards to the proposed Class Representatives.

**1.13** **"Fee Award"** means the amount of attorneys' fees and reimbursement of costs awarded by the Court to Class Counsel.

**1.14** **"HELOC Account"** means a home equity line of credit provided by BANA and secured by a mortgage or deed of trust on the property securing the HELOC, which was suspended or reduced by BANA during the period from January 1, 2008 to April 29, 2010.

**1.15** **"Incentive Award"** means the monetary award to the Class Representative, subject to Court approval, to compensate him for his efforts and time in connection with pursuing this action on Class's behalf.

**1.16** **"Judgment"** means the order granting final approval to this Settlement Agreement to be entered by the Court at the Fairness Hearing or such other time approving this Agreement substantially in the form attached as Exhibit D, without modifications that are unacceptable to either party, as fair, adequate, and reasonable in accordance with applicable jurisprudence, confirming the certification of the Class, and issuing such other findings and determinations as the Court or the Parties deem necessary and appropriate to effectuate the terms of this Agreement.

**1.17** **"Notice of Intention to Appear and Object"** is the written communication that must be filed with the Court before the last day of the Opt-out/Objection Deadline by a member of the Class in order to object to the approval of any portion of this Agreement. A copy of such Notice of Intention to Appear and Object must also be sent to Class Counsel and BANA's Counsel at the time of filing.

**1.18** **"Notice of Right to Request Reinstatement Letter"** has the meaning set forth in paragraph 3.1.

**1.19** **"Opt-Out/Objection Deadline"** means the date to be set by the Court in this Action for a member of the Class to mail a Request For Exclusion to BANA's counsel and to mail a Notice of Intention to Appear and Object to the parties' counsel. The deadline for filing a Request For Exclusion or a Notice of Intention to Appear and Object shall be no later than forty-five (45) days after the Class Notice is mailed and no fewer than fourteen (14) days following the filing and posting to the Settlement Website of Class Counsel's petition for any Fee Award.

**1.20** **"Parties"** means collectively Brian Vess and BANA.

**1.21** **"Party"** means Brian Vess or BANA.

**1.22** **"Person"** means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

**1.23** **"Plaintiff"** means Brian Vess.

**1.24** **"Preliminary Approval"** means the Court's certification of the Class solely for settlement purposes, entry of the attached proposed order granting preliminary approval of this Agreement (Ex. A hereto) without material modification (except to the extent agreed to between the parties), as well as approval of the form and methods of dissemination of the Class Notice.

**1.25** **"Qualifying Accounts"** means HELOC Accounts of Settlement Class Members that may be eligible for full or partial reinstatement according to BANA's current reinstatement and underwriting standards and specifically excludes HELOC Accounts that meet any of the following criteria:

(a)      The property or dwelling securing the HELOC has a Combined Loan to Value Ratio ("CLTV") over 100 percent;

(b)      The automated valuation model ("AVM") used by BANA shows 75 percent or greater reduction in equity;

(c)      Any borrower has a FICO score less than 640;

(d)      Any borrower has a delinquency in payments on the HELOC within the prior 12 months;

- 6 -

1        (e)     Any borrower has completed or is in negotiation for a home equity or first

2 mortgage workout (short sale, deed in lieu, foreclosure, etc.);

3        (f)     Any borrower has been declined for reinstatement within the last 6 months;

4        (g)     Any borrower is currently past due on his/her HELOC payments;

5        (h)     The initial draw period on the HELOC will expire within 6 months of the

6 date the Notice of Right to Request Reinstatement letter is sent, as discussed in Paragraph 3.1

7 below; or

8        (i)     Any named borrower is subject to marketing restrictions, such as do not

9 solicit requests, is subject to a bankruptcy proceeding, or is in litigation regarding the HELOC

10 Account.

11    **1.26**   **"Released Claims"** mean any and all rights, duties, obligations, claims, actions,

12 causes of action or liabilities, whether arising under local, state or federal law, whether by

13 Constitution, statute, contract, common law or equity, whether known or unknown, suspected or

14 unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or

15 unliquidated, and including, but not limited to, breach of contract, breach of implied covenant of

16 good faith and fair dealing, violation of California's UCL, Cal. Bus. & Prof. Code § 17200,

17 violation of state or federal consumer protection statutes and violation of the Truth in Lending Act

18 and Regulation Z promulgated thereunder at any time from the beginning of time up to and

19 including the Effective Date of the Settlement Agreement, that relate to or arise out of any of the

20 following in any way: (i) any and all acts, omissions, facts, transactions, occurrences, claims,

21 demands, actions, causes of actions, rights, offsets, liens or liabilities alleged, asserted, or referred

22 to in any pleading or brief filed in the above-referenced lawsuit as a claim asserted on behalf of a

23 putative class; and (ii) BANA's HELOC suspension, reduction, and/or reinstatement policies,

24 systems, standards and procedures for suspensions, reductions, and/or reinstatements based in

25 whole or in part on Collateral Deterioration. The release shall also apply to any and all claims of

26 the Releasing Parties that would be barred by the doctrines of *res judicata* or collateral estoppel

27 had the issues in the case been litigated by each proposed Settlement Class Member to a final

28 judgment on the merits, and to any and all past, present, and future claims, administrative or

otherwise, actions, causes of action, rights or liabilities, known or unknown, based on, or arising out of, or in any way relating or pertaining to the facts, events or transactions and/or fees at issue in the lawsuit, including unknown claims. BANA will also receive a full and complete general release from the Class Representative for any and all claims related in any way to his HELOC account with BANA.

1.27 **"Releasing Parties"** means Plaintiff, on his own behalf and on behalf of each Settlement Class Member who has not opted out, and on behalf of his and their respective present or past heirs, executors, estates, authorized users, guarantors, administrators, representatives, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, lenders, any authorized users of their accounts, and each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, attorneys, consultants, insurers, directors, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, lenders and any other representative of any of these Persons and entities.

1.28 **"Released Parties"** means BANA and its present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, divisions, subsidiaries, associates, affiliates, representatives, employees, agents, consultants, insurers, directors, committees, managing directors, officers, partners, principals, members, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, trustees, corporations, officers, directors, other individuals or entities in which BANA has a controlling interest or which is related to or affiliated with any of them or any other representatives of any of these Persons and entities including each of their affiliates' present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, insurers, directors, managing directors,

- 8 -

officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and Persons, firms, trusts, corporations, officers, and directors.

**1.29** **"Request for Reinstatement"** means the form attached hereto as Exhibit C.3.

**1.30** **"Request For Exclusion"** is a written communication by or on behalf of a Person in the Class stating that he or she wishes to opt out/be excluded from the Class or words substantially to that effect.

**1.31** **"Settlement Agreement"** or **"Agreement"** means this Agreement.

**1.32** **"Settlement Benefit"** means the benefits a Settlement Class Member may receive under this Agreement.

**1.33** **"Settlement Class Member"** means a Person who falls within the definition of the Class as set forth above and who has not submitted a valid Request For Exclusion.

**1.34** **"Suspension"** or **"Account Reduction"** means BANA's suspension of a particular HELOC account or accounts from further draws or a reduction of the available credit limit in any such account.

**1.35** **"Unknown Claims"** means claims that could have been raised in this Action, and that Plaintiff, or any other Persons and entities whose claims are being released, did not know or suspect to exist, which, if known, might have affected his, her, or its decision to accept this agreement to release the Released Parties or the Released Claims or might affect his, her, or its decision to agree, object, or not to object to the Settlement. Upon the Effective Date, and solely with respect to the Released Claims, Plaintiff and all other Persons and entities whose claims are being released shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

- 9 -

Upon the Effective Date, Plaintiff and all other Persons and entities whose claims are being released, also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to Section 1542 of the California Civil Code. Plaintiff and all other Persons and entities whose claims are being released acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Released Claims and that the law applicable to such claims may change, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

## 2. REQUIRED EVENTS AND THE PARTIES' COOPERATION

**2.1** *Preliminary Approval*: Promptly, but no later than thirty (30) days, following the Agreement's full execution, the Plaintiff, without objection from BANA shall request that the Court in the Action enter a Preliminary Approval Order, in the form attached as Exhibit A hereto, specifically including provisions that:

(a) Preliminarily approve the Settlement reflected herein;

(b) Conditionally certify the Settlement Class (for settlement purposes only) and appoint the Plaintiff as Class Representative and appoint Class Counsel as counsel for the Settlement Class;

(c) Approve the form of Class Notice to be provided to the Settlement Class in the form attached hereto as Exhibit B, and find that the form and manner of notice set forth in this Agreement constitutes the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and of Rule 23 of the Federal Rules of Civil Procedure;

(d) Direct that Class Notice be provided to the Settlement Class, in accordance with the terms of the Settlement, as set forth in Paragraph 5 below;

- 10 -

1           (e)     Establish a procedure, as set forth in this Agreement, for the Class to object

2 to the Settlement or exclude themselves from the Settlement Class and set the Opt-Out/Objection

3 Deadline;

4           (f)     Pending final determination of whether the Settlement should be approved,

5 bar the Class, directly, on a representative basis or in any other capacity, from commencing or

6 prosecuting against any of the Released Parties any action or proceeding in any court, arbitration

7 forum or tribunal asserting any of the Released Claims;

8           (g)     Pending final determination of whether the Settlement should be approved,

9 stay all proceedings in the Action except those related to the effectuation of the Settlement; and

10           (h)     Schedule the Fairness Hearing for final approval of the Settlement (which

11 final approval hearing shall take place after the Opt-Out/Objection Deadline).

12     **2.2**    *Final Approval:*  Following issuance of the Preliminary Approval Order, the

13 provision of Class Notice as set forth herein and the Opt-Out/Objection Deadline, Class Counsel

14 shall promptly request from the Court entry of a "Final Approval Order" granting final approval

15 and entering Judgment in the form attached as Exhibit D, the contents and terms of which are

16 incorporated herein by reference. This Agreement is expressly contingent upon the entry of said

17 order, in the form attached as Exhibit D hereto, specifically including provisions that by its terms

18 shall:

19           (a)     Enter the Judgment contemplated by this Agreement finding that, among

20 other things, each Plaintiff and each Settlement Class Member forever releases and discharges

21 each Released Party from liability for any and all Released Claims and permanently enjoins the

22 Plaintiff and all Settlement Class Members from asserting, commencing, prosecuting or

23 continuing any of the Released Claims against BANA and any of the Released Parties;

24           (b)     Approve the Settlement and find that this Agreement is fair, reasonable and

25 adequate, and in the best interests of the Settlement Class;

26           (c)     Direct the Parties and their counsel to implement and consummate the

27 Agreement according to its terms and provisions;

28

(d)     Find that the notice and the notice methodology implemented under the Agreement constituted the best notice practicable under the circumstances and was reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice, and met all applicable requirements of the Federal Rules of Civil Procedure, Due Process, and Court rules;

(e)     Find that Class Counsel and the Class Representatives adequately represented the Class for purposes of entering into and implementing the Agreement;

(f)     Approve the agreed upon Fee Award to Class Counsel and Incentive Awards to the Class Representatives;

(g)     Dismiss the Action with prejudice, subject to the Court's retaining jurisdiction over the enforcement of the terms of this Agreement; and

(h)     Without affecting the finality of the Judgment for purposes of appeal, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Agreement and the Judgment and for any other necessary purpose.

(i)     Entry of the Final Approval Order shall not be conditioned or delayed by the Court's failure to approve the Fee Award to Class Counsel or Incentive Awards to the Class Representatives.

**2.3**     *Cooperation*:  The Parties shall, in good faith, cooperate, assist and undertake all reasonable actions and steps in order to accomplish these required events on the schedule set by the Court.

**2.4**     *Class Certification*:  For settlement purposes only, and notwithstanding and without prejudice to BANA's positions and arguments in the Litigation, BANA and the Class Representatives stipulate to the certification of the Class.  This Agreement is expressly contingent upon the Court certifying the Class, or some other class or classes agreeable to both Parties for the purposes of settlement only.  Should the Effective Date not occur, the order certifying the Class will be null and void, the Parties and the case shall be restored to the status quo ante, and the Parties may not cite or otherwise use this Agreement for any purpose in this Litigation or any other action.

- 12 -

## 3. SETTLEMENT BENEFITS

**3.1** *Relief Available to Settlement Class Members.*

(a) <u>Proactive Account Reinstatements</u>. BANA agrees that for a subset group of Qualifying Accounts, BANA will proactively offer either partial or full account reinstatement pursuant to its then-current reinstatement and underwriting guidelines. The selection of accounts that fall within the subset group is in BANA's exclusive control and discretion. BANA will send to any Class Member who BANA identifies as falling within the subset group of Qualifying Accounts, and is the only borrower on the HELOC account, a notice letter substantially in the form attached hereto as Exhibit C.1. BANA will send to any Class Member who BANA identifies as falling within the subset group of Qualifying Accounts, and who is not the sole borrower on the HELOC account, a notice letter substantially in the form attached hereto as Exhibit C.2. BANA has already begun sending notice letters to this subset group and will continue to do so following the Effective Date.

(b) <u>Notice of Right to Request Reinstatement</u>. Within sixty (60) days of the Effective Date, BANA agrees to send Notice of Right to Request Reinstatement letters substantially in the form attached hereto as Exhibit C.3 to Class Members whose Qualifying Accounts are suspended or reduced because of a decline in property value, and who do not fall within the subset group of Qualifying Accounts that will be receiving Exhibit C.1 or Exhibit C.2. BANA will review Qualifying Accounts that request reinstatement by returning the Request for Reinstatement Review included in Exhibit C.3 provided that the Request for Reinstatement Review is post-marked within 30 days of the date the Notice of Right to Request Reinstatement Letter is sent. BANA will consider the Request for Reinstatement Review according to BANA's then current underwriting guidelines. If a Class Member elects to be considered for reinstatement through this process, he/she agrees to waive any notice required under the Fair Credit Reporting Act or state equivalents attendant with the relief contemplated under the Settlement Agreement. Utilization of this method of review does not otherwise affect a Class Member's rights under any applicable statutes.

- 13 -

(c)     <u>Right to Request Partial Reinstatement</u>. Class Members whose HELOC Accounts are non-Qualifying Accounts will have the right to request partial reinstatement. The procedures for making that request will be provided in the Class Notice (Exhibit B). These Class Members will not be sent a Notice of Right to Request Reinstatement letter (Exhibit C.3). Any Class Member who timely requests a partial reinstatement of a non-Qualifying Account shall be afforded the same review as those Class Members' with Qualifying Accounts, *i.e.*, BANA will consider the Request for Reinstatement Review according to BANA's then current underwriting guidelines.

(d)     <u>Enhanced Suspension Notices</u>. BANA further agrees that for any HELOC suspensions and reductions based on Collateral Deterioration that occur after the Effective Date and for at least 3 years thereafter, it will set up and include in its HELOC suspension and reduction notices for suspensions and reductions based on Collateral Deterioration a toll free phone number that the customer can call to request the valuation BANA placed on the property.

(e)     <u>Enhanced Valuation Methods</u>. For HELOC Accounts of $250,000 or more, BANA will utilize an additional valuation methodology in determining the value of the property or dwelling securing the HELOC Accounts where the AVM does not support a partial or full reinstatement.

**4.     RELEASE**

**4.1**     The obligations incurred pursuant to this Agreement shall be a full and final disposition of this Action and any and all Released Claims as against all Released Parties.

**4.2**     Upon the Effective Date, Plaintiff, and every Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

**4.3**     This Agreement does not affect or change any terms or conditions of the HELOC Agreements of any Person in the Class.

**5.     CLASS NOTICE**

- 14 -

**5.1** Following entry of the Order granting Preliminary Approval of this Agreement, BANA shall disseminate (or cause to be disseminated) Class Notice to the proposed Settlement Class Members as follows:

(a) <u>Direct Class Notice</u>: No later than sixty (60) days after the Court grants Preliminary Approval, BANA shall cause Notice, substantially in the form of Exhibit B hereto, to be sent to the Class via first class U.S. Mail to the last known mailing address of record on BANA's account records. BANA shall re-mail any returned mail after obtaining updated addresses via the United States Postal Service's national change of address registry. All notice expenses shall be paid by BANA.

(b) <u>Notice under Class Action Fairness Act</u>. BANA shall cause notice of the Agreement, together with all required documents, to be sent to the appropriate federal and/or state governmental authorities in accordance with the Class Action Fairness Act.

**5.2** No later than fourteen (14) days before the Final Fairness Hearing, BANA will provide affidavits to Class Counsel verifying that BANA caused Notice to be sent to the Settlement Class Members in accordance with this Agreement, as approved by the Court.

## 6. OPT-OUTS AND OBJECTIONS

**6.1** Any Settlement Class Member may request to be excluded from the Class at any time before the Opt-Out/Objection Deadline, by complying with the procedures for doing so as set forth in the Court-approved Class Notice. To opt-out and be excluded from the Class, the Class member must complete and return to BANA's Counsel a Request For Exclusion by the Opt-Out/Objection Deadline. Requests for Exclusion filed or post-marked or otherwise delivered after the Opt-Out/Objection Deadline will be considered invalid and of no effect, and the Class member who untimely submits a Request for Exclusion will remain a Settlement Class Member and will be bound by any Orders entered by the Court (including a Judgment approving the Agreement and implementing the Release contemplated thereby). All Settlement Class Members (except for customers who submit a valid request for exclusion) will be bound by this Agreement and the Judgment, including the Release herein contained. Any Class member who timely and properly submits a Request for Exclusion shall not: (i) be bound by any orders or Judgment entered in this

- 15 -

1  Litigation nor by the Release herein contained; (ii) be entitled to any Settlement Benefit under this
2  Agreement; (iii) gain any rights by virtue of this Agreement; and (iv) be entitled to object to any
3  aspect of this Agreement, or this Litigation. Each Person requesting exclusion from the Class
4  must personally sign his or her own individual Request For Exclusion. No Person may opt-out
5  from the Settlement Class any other person or be opted-out by any other person, and no Person
6  shall be deemed opted-out of the Settlement Class through any purported "mass" or "class" opt-
7  outs. Where there is more than one borrower on the HELOC account, all the borrowers on the
8  account must opt-out according to the procedure set forth above. It is the borrower's duty to
9  ensure that all the borrowers on the HELOC account opt out of the Class.

10      **6.2**    Any Settlement Class Member who intends to object to this Agreement must file
11  with the Court by the Opt-Out/Objection Deadline, either *pro se* or through counsel hired at the
12  Settlement Class Member's own expense, a Notice of Intent to Appear and Object that:  (1)
13  includes his/her personal signature, his or her full name and address, and all arguments, citations,
14  and evidence supporting the objection, (2) states that he or she is a Settlement Class Member, and
15  (3) provides a statement whether the objector intends to appear at the Fairness Hearing, either with
16  or without counsel. A copy of such appearance and Notice of Intention to Appear and Object must
17  also be sent to Class Counsel and BANA's Counsel at the time of filing. Objections must be filed
18  and postmarked by the Opt-Out/Objection Deadline. No Settlement Class Member shall be heard
19  and no papers, briefs or pleadings submitted by such Settlement Class Member shall be considered
20  by the Court unless the Court receives the Settlement Class Member's properly completed and
21  signed statement of objection and Notice of Intent to Appear and Object by the Opt-Out/Objection
22  Deadline. Any Settlement Class Member who fails to timely or properly submit his or her Notice
23  of Intent to Appear and Object shall be deemed to have waived his or her objections and be
24  forever barred from making any such objections in this Action, any appeal or in any other action
25  or proceeding.

26  **7.    TERMINATION OF AGREEMENT**

27      **7.1**    Plaintiff and BANA shall each have the right to terminate this Agreement by
28  providing written notice of their election to do so ("Termination Notice") to all other Parties

hereto within thirty (30) days of:  (i) the Court's decision to decline to enter an Order granting Preliminary Approval in any material respect; (ii) the Court's decision to refuse to approve this Agreement; (iii) the Court's decision to decline to enter the Judgment in any respect; or (iv) the date upon which the Judgment is modified or reversed in any material respect by the 9th Circuit Court of Appeals or the United States Supreme Court.

**8.    CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; INCENTIVE AWARD.**

**8.1**    BANA agrees to pay Class Counsel, subject to Court approval, an amount up to $700,000 in attorneys' fees and reimbursement of costs.  BANA agrees that this amount is reasonable and will not object to or otherwise challenge Class Counsel's application for reasonable attorneys' fees and for reimbursement of costs and other expenses if limited to the above amount.  Class Counsel has, in turn, agreed not to seek more than above amount from the Court.

**8.2**    Class Counsel must submit a petition for a Fee Award, consistent with the terms of this Agreement, fourteen (14) days before the Request for Opt Out/Objection Deadline.

**8.3**    Subject to the Court's approval of the Settlement Agreement, BANA shall pay by check or by wire to Class Counsel the Court-approved Fee Award within fourteen (14) days after the later of the Effective Date of this Agreement or after any order on the Fee Award is final and non-appealable.

**8.4**    In addition to any award under the Agreement, the Class Representative shall, subject to Court approval, receive an Incentive Award of the sum of $7,500 as appropriate compensation for his time and effort serving as the class representative.  BANA will not object to or otherwise challenge any request to the Court for such amount.  Class Counsel has, in turn, agreed not to seek more than above amount from the Court on behalf of the Class Representatives.  Class Counsel must submit any motion to approve the Incentive Award(s) no later than fourteen (14) days prior to the date set for the Opt Out/Objection Deadline.  Subject to the Court's approval of the Settlement Agreement, BANA shall pay the amount by check within fourteen (14) days of the Effective Date, to be paid the Class Representative, in care of Class Counsel.

- 17 -

**9. CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.**

**9.1** If the Court does not approve this Agreement, or the Agreement is terminated or fails to become effective in accordance with its terms, this Agreement shall be terminated, unless Plaintiff, BANA, Class Counsel, and BANA's Counsel have full knowledge of such defect(s) and with such knowledge mutually agree in writing to proceed with the Agreement. If any of the Parties are in material breach of the terms of this Agreement, any of the opposing Parties, provided that they are in substantial compliance with the terms of this Agreement, may terminate this Agreement on notice to all of the Parties.

**9.2** If this Agreement is terminated or fails to become final for any of the reasons set forth above, the Parties shall be restored to their respective positions in this Action as of the date of signing this Agreement. In such event, any Judgment granted by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

**9.3** Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the request for a Fee Award to Class Counsel set forth in Paragraph 8.1 or the request for Incentive Awards to the Class Representatives set forth in Paragraph 8.4 above shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event the Court declines or reduces any request for a Fee Award or an Incentive Award, this Agreement shall otherwise remain valid and enforceable.

**10. STAY**

**10.1** All proceedings in the Action will be stayed following preliminary approval of the settlement, except as may be necessary to implement the settlement or comply with the terms of the settlement. Pending determination of whether the Agreement should be granted final approval, the Parties agree not to pursue in the Action any claims or defenses otherwise available to them in the Action, and no Settlement Class Member, either directly, on a representative basis or in any other capacity, will commence or prosecute against any of the Released Persons any action or proceeding asserting any of the Released Claims. The Parties' proposed form of Preliminary Approval Order contains an injunction provision enjoining the commencement or prosecution of

- 18 -

1 Released Claims by Settlement Class Members or persons purporting to act on their behalf
2 pending final approval of the settlement. The Agreement is conditioned upon the entry of such an
3 injunction.

4 **11.  CONFIDENTIALITY**

5     **11.1**   Any and all drafts of this Agreement will remain confidential and will not be
6 disclosed or duplicated.

7     **11.2**   The Parties agree that all information obtained from or provided by Defendant in
8 connection with the Parties' settlement discussions and/or this Agreement is confidential, shall not
9 be disclosed to third parties, and shall be used only for purposes of effectuating this Agreement
10 and proposed settlement and no other purpose. Provided the Effective Date has occurred, all
11 written information or documents, confidential or otherwise, provided by or obtained from
12 Defendant in connection with this Action shall, upon written request by the Defendant, be returned
13 by Plaintiff to Defendant or destroyed within thirty-five (35) days after Defendant's performance
14 of all obligations under the Settlement and Plaintiff shall retain no copies thereof.

15     **11.3**   In the event that the settlement is not approved as presented, Defendant or Plaintiff
16 withdraws from settlement or the Effective Date does not occur, neither this Agreement nor any
17 drafts of this Agreement shall be used for any purpose and shall remain confidential.

18 **12.  NON-DISPARAGEMENT**

19     **12.1**   Class Counsel and Class Representative will not, directly or indirectly, make any
20 negative or disparaging statements against the Released Parties maligning, ridiculing, defaming, or
21 otherwise speaking ill of the Released Parties, and their business affairs, practices or policies,
22 standards, or reputation (including but not limited to statements or postings harmful to the
23 Released Parties' business interests, reputation or good will) in any form (including but not limited
24 to orally, in writing, on social media, internet, to the media, persons and entities engaged in radio,
25 television or Internet broadcasting, or to persons and entities that gather or report information on
26 trade and business practices or reliability) that relate to this Agreement, all information obtained
27 from or provided by Defendant in connection with the Parties' settlement discussions and/or this
28 Agreement, and the factual allegations made in the Complaint and/or the Action or any matter

covered by the release within this Agreement. Nothing in the Agreement shall, however, be deemed to interfere with each party's obligation to report transactions with appropriate governmental, taxing, and/or registering agencies. Additionally, nothing shall be deemed to interfere with Class Counsel's ability to discuss the case candidly with actual and potential class members.

**13.  DISMISSAL WITH PREJUDICE**

**13.1**  Upon Final Approval, this Action shall be dismissed with prejudice as to the Plaintiff and the Settlement Class.

**14.  MISCELLANEOUS PROVISIONS**

**14.1**  The Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree, subject to their legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Agreement.

**14.2**  The Parties intend this Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Settlement Class Members, and each or any of them, on the one hand, against the Released Parties, and each or any of them, on the other hand.

**14.3**  Whether the Effective Date occurs or this Agreement is terminated, neither this Agreement, nor any act performed or document executed under or in furtherance thereof:

(a)  May be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiff, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)  May be deemed, or shall be used, offered or received against BANA, as an admission, concession or evidence of, any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties;

1           (c)  May be deemed, or shall be used, offered or received against Plaintiff or the

2 Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength

3 of any claims raised in this case, the truth or falsity of any fact alleged by BANA, or the

4 availability or lack of availability of meritorious defenses to the claims raised in the Litigation;

5           (d)  May be deemed, or shall be used, offered or received against the Released

6 Parties, or each or any of them, as an admission or concession with respect to any liability,

7 negligence, fault or wrongdoing as against any Parties, in any civil, criminal or administrative

8 proceeding in any court, administrative agency or other tribunal. But the Agreement, and any acts

9 performed and/or documents executed in furtherance of or under this Agreement may be used in

10 any proceedings as may be necessary to effectuate the provisions of this Agreement. If this

11 Agreement is approved by the Court, any Party or any of the Released Parties may file this

12 Agreement and/or the Judgment in any action that may be brought against such Party or Parties in

13 order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel,

14 release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or

15 issue preclusion or similar defense or counterclaim in such action;

16           (e)  May be deemed, or shall be construed against Plaintiff and the Settlement

17 Class, or each or any of them, or against the Released Parties, or each or any of them, as an

18 admission or concession that the consideration to be given hereunder represents an amount equal

19 to, less than or greater than that amount that could have or would have been recovered after trial;

20 and

21           (f)  May be deemed, or shall be construed as or received in evidence as an

22 admission or concession against Plaintiff and the Class, or each and any of them, or against the

23 Released Parties, or each or any of them, that any of Plaintiff's claims are with or without merit or

24 that damages recoverable in the Actions would have exceeded or would have been less than any

25 particular amount.

26     **14.4**    The headings used herein are used for the purpose of convenience only and are not

27 meant to have legal effect.

28

**14.5** The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

**14.6** All terms and conditions of the loan documents for all Settlement Class Members with respect to all existing accounts with BANA will remain valid, binding, and enforceable following the conclusion of any settlement. BANA reserves all of its rights with respect to Settlement Class Members in connection with all claims it may have with regard to its HELOCs.

**14.7** Plaintiff and Class Counsel represent and warrant that they are not aware of any claims or potential claims by anyone against any of the Released Parties relating to the Released Claims, other than the Released Claims. It is the intention of all Parties and attorneys signing this Agreement that any Released Claims shall be forever released and discharged.

**14.8** All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

**14.9** This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. This Agreement may be amended or modified only by a written instrument signed by or on behalf of all the Parties or their respective successors-in-interest.

**14.10** Except as otherwise provided herein, each Party shall bear its own costs.

**14.11** Each counsel or other Person executing this Agreement, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so, that they have the authority to take appropriate action required or permitted to be taken under the Agreement to effectuate its terms, and that none of their claims or rights under this Settlement Agreement have been assigned to any other person.

**14.12** This Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Agreement all exchange original signed counterparts.

1    14.13  This Agreement shall be binding upon, and inure to the benefit of, the successors
2  and assigns of the Parties hereto and the Released Parties.

3    14.14  The Court shall retain jurisdiction with respect to implementation and enforcement
4  of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for
5  purposes of implementing and enforcing this Agreement.

6    14.15  This Agreement and the Exhibits hereto shall be considered to have been
7  negotiated, executed, delivered, and wholly performed in the State of California, and the rights and
8  obligations of the Parties to this Agreement shall be construed and enforced in accordance with
9  and governed by, the internal, substantive laws of the State of California without giving effect to
10 that State's choice of law principles.

11   14.16  This Agreement and the Exhibits hereto are deemed to have been prepared by
12 counsel for all Parties, as a result of negotiations among the Parties with the assistance of a neutral
13 mediator. Whereas all Parties have contributed substantially and materially to the preparation of
14 this Agreement, it shall not be construed more strictly against one Party than another.

15   IN WITNESS WHEREOF, the Parties have executed this Agreement:

16

17 Dated:  April 18 , 2013            By: _____
18                                        Brian Vess
                                         Class Representative
19

20 Dated:  April___, 2013            By: _____
21                                        Jeremiah Malone
                                         SVP, Consumer Credit Executive
22                                       On behalf of Bank of America, N.A.

23 APPROVED AS TO FORM:

24 Dated:  April 18 , 2013           PATTERSON LAW GROUP

25

26                                   By: _____
27                                       James Patterson
                                        Counsel for Plaintiff and the Class

28

                                    - 23 -

Settlement Agreement                              Case No. 10-cv-0920

Dated: April 18th, 2013

EDELSON LLC

By: _____
   Steven Woodrow
   Counsel for Plaintiff and the Class

Dated: April 16, 2013

REED SMITH LLP

By: _____
   David C. Powell
   Counsel for Bank of America, N.A.

- 24 -

Settlement Agreement                                Case No. 10-cv-0920