UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN VESS, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br>v.<br>BANK OF AMERICA, N.A.; and DOES 1 through 50, inclusive,<br>　　　　　Defendants. | Civil No.10cv0920 AJB (WVG)<br><br>PRELIMINARY APPROVAL AND PROVISIONAL CERTIFICATION ORDER |

　　　　This Court considered plaintiff Bryan Vess' unopposed motion for preliminary approval of class settlement and provisional class certification under Rule 23 of the Federal Rules of Civil Procedure.  This Court reviewed the motion, including the Settlement Agreement.  Based on this review and the findings below, the Court found good cause to grant the motion.

　　　　**FINDINGS**:

　　　　1.　　The Settlement Agreement was the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the proposed class representatives or segments of the class, and falls within the range of possible approval;

  2. The Notice, attached to the Settlement Agreement, complies with due process because the notices and forms are reasonably calculated to adequately apprise class members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement;

  3. The Class is so numerous that joinder of all Class embers is impracticable;

  4. Plaintiff's claims are typical of the Class's claims;

  5. There are questions of law and fact common to the Class, which predominate over any questions affecting only individual Class Members; and

  6. Class Certification is superior to other available methods for the fair and efficient adjudication of the controversy.

  7. Defendant Bank of America, N.A. gave notice pursuant to 28 U.S.C. § 1715(b) on April 26, 2013.

  **IT IS ORDERED THAT**:

  1. **Preliminary Settlement Approval**.  The Court preliminarily approves the Settlement Agreement, including the Notice attached to the Settlement Agreement as Exhibit B.

  2. **Provisional Certification**.  The Class is provisionally certified as:
All current Bank of America customers in the United States that have HELOC Accounts that were suspended or reduced based on Bank of America's claim that the property securing the HELOC had significantly declined in value.
Excluded from the Class are the Judges presiding over this case and any of their employees or immediate family members.

  3. **Provision of Class Notice**.  No later than sixty (60) days after the Court enters this Order, Defendant will notify Class Members of the settlement via first class mail to the Class' last known mailing addresses.  Defendant shall re-mail any returned mail after obtaining updated addresses via the United States Postal Service's national

change of address registry. Defendant will pay for all costs associated with providing notice to the Class.

4. **Objection to Settlement**. Any Settlement Class Member who does not opt-out and who wishes to object to the Settlement must file a written Objection ("Objection") with the Court, and mail and serve it upon Class Counsel and Counsel for Defendant. The Objection must be postmarked no later than forty-five (45) days after the Class Notice. To be considered valid, each Objection must be timely filed and served and must (i) set forth the Settlement Class Member's full name, current address, and telephone number; (ii) contain the signatures of all living borrowers on the account; (iii) state that the Settlement Class Member objects to the Settlement, in whole or in part; (iv) set forth the legal and factual bases for the objection; and (v) provide copies of all documents or writings that such Settlement Class Member desires the Court to consider in support of his/her position. All living borrowers to a loan must object for the objection to be valid. Any Settlement Class Member who wishes to object and appear at the final approval hearing in person instead of submitting only written objections must include in the written objection a notice of intention to appear at the final approval hearing. Class Counsel is to respond to any Objections and file any additional materials in support of final approval no later than seven (7) days before the final approval hearing.

5. **Failure to Object to Settlement**. Class Members who fail to object to the Settlement Agreement in the manner specified above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Fairness Hearing.

6. **Exclusion Requests**. All Class members who want to be excluded from the Settlement must send a letter to the address set forth in the Notice (which will be a secured P.O. Box address provided by Defendant), postmarked no later than forty-five (45) days after the Notice is mailed. The letter must include: (i) signatures of all loan debtors (including joint debtors and co-debtors) on the account; (ii) the full name,

address, and Defendant's account number(s) of the person requesting exclusion; and (iii) a written statement that he or she does not want to participate in the Settlement.  A request for exclusion that does not comply with all the foregoing requirements shall be invalid, and the person(s) serving such a request shall be bound by the Settlement Agreement, if finally approved.  No Class member may purport to exercise any exclusion rights of any other person, or purport to exclude other Class members as a group, aggregate, or class involving more than one person, or as an agent or representative.  Any such purported exclusion shall be invalid.

7. **Valid Exclusion Requests**.  Any Class member who successfully opts out of the Settlement shall be deemed to have waived any rights or benefits under the Settlement, and will have no standing to object to the Settlement.

8. **Modifications to Settlement**.  The Court reserves the right to approve the Settlement with such modifications, if any, as may be agreed to by Class Counsel and Counsel for Bank of America and without future notice to the Settlement Class Members.

9. **Appointment of Class Representative and Class Counsel**. Plaintiff Bryan Vess is provisionally appointed as the Class Representative to implement the Parties' proposed Settlement in accordance with the Settlement Agreement.  Plaintiff's Counsel, James R. Patterson and Alisa A. Martin of Patterson Law Group, APC and Steven L. Woodrow of Edelson LLC are appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class' interests.

10. **Termination**. If the Settlement Agreement terminates by its terms for any reason, including, but not limited to, if Court does not approve the Settlement or enter the Final Order and Judgment, or if the Final Settlement Date under the Settlement Agreement does not occur for any reason, the following will occur: (a) this Order will be vacated; (b) class certification will automatically be vacated. Plaintiff will stop functioning as a class representative and Class Counsel will revert to interim class counsel; and

(c) this Action will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement.

11. **No Admission**. Nothing in this Order, the Settlement, or the Settlement Agreement, is or may be construed as, an admission or concession on any point of fact or law by or against any Party.

12. **Stay of Dates and Deadlines**. All discovery and pretrial proceedings and deadlines, are stayed and suspended until further notice from the Court, except for such actions as necessary to implement the Settlement Agreement and this Order.

13. **CAFA Notice**. Defendants have complied with 28 U.S.C. § 1715(b).

14. **Final Approval Hearing**. A Final Approval Hearing shall be held before this Court on **September 6, 2013 at 1:30 p.m. in Courtroom 3B** to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate. All papers supporting Plaintiffs' request for attorneys' fees and costs must be filed no later than fourteen (14) calendar days before the deadline for Class Members to object to the settlement. All other papers supporting Final Approval of the Settlement Agreement must be filed no later than seven (7) calendar days before the Fairness Hearing. This Court may order the Fairness Hearing to be postponed, adjourned, or continued. If that occurs, Defendant will not be required to provide additional notice to class members.

IT IS SO ORDERED.

DATED: April 29, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge