UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN VESS, on behalf of himself and all others similarly situated, | Civil No.10cv0920 AJB (WVG) |
| Plaintiff, | CLASS ACTION |
| v. | FINAL ORDER APPROVAL CLASS ACTION SETTLEMENT |
| BANK OF AMERICA, N.A.; and DOES 1 through 50, inclusive, | |
| Defendants. | |

On October 24, 2013, this Court heard Plaintiff Bryan Vess' motion for final approval of the proposed class action settlement (Dkt. No. 78) and motion for attorneys' fees, costs, and incentive award (Dkt. No. 76).  This Court reviewed:  (a) the motions and the supporting papers, including, the Settlement Agreement; (b) documents filed or presented to the Court as objections  (Dkt. Nos. 53-56, 58-61, 63-72, 75, 77); (c) responses to the objections (Dkt. No. 80); and (d) counsels' oral arguments.  Based on this review and the findings below, the Court found good cause to grant the motion. FINDINGS:

1.      Proper Jurisdiction.  This Court has jurisdiction over the subject matter of this Action, all parties to the Action, and all class members who have not timely and validly requested exclusion

10cv0920

2.     Adequate Performance.  The parties adequately performed their obligations under the Settlement Agreement to date.

3.     Notice Disseminated.  Defendant Bank of America, N.A. provided direct notice to class members via first-class mail, postage pre-paid, in compliance with paragraph 5 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice:  (i) fully and accurately informed class members about the lawsuit and settlement; (ii) provided sufficient information so that class members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing, which the Court subsequently changed (Dkt. No. 74).

4.     Certification Requirements Satisfied.  For the reasons stated in the order granting preliminary approval of class action settlement and provisional class certification (Dkt. No. 51), and having found nothing that would disturb these previous findings, this Court finds and determines that the proposed class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

5.     Fair Settlement.  Upon review of the record pursuant to the factors identified in *Officers for Justice v. Civil Serv. Commission*, 688 F.2d 615, 625 (9th Cir. 1982) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998), the Court finds that the Settlement Agreement has been entered into in good faith and is fair, reasonable, adequate, and in the class' best interest.  The Settlement Agreement fully complies with the Federal Rules of Civil Procedure, the Rules of the Court, due process, and any other applicable law.  As to the determination that the Settlement Agreement is fair, reasonable, and adequate, the Court notes that (a) whether the outcome on the merits would result in a ruling in Plaintiffs and the class' favor is uncertain; (b) the parties conducted sufficient discovery; (c) the Settlement Agreement was reached through negotiations

with experienced and informed counsel; (d) the consideration provided to the class reflects benefits to the class; and (e) less than a fraction of one percent of the class objected to the settlement.

6.   **Proper Negotiations.**  The Court also finds that extensive arm's-length negotiations have taken place, in good faith and free from collusion between class Counsel and Defendant's Counsel.  Parts of these negotiations were presided over by a mediator, Bruce A. Friedman, Esq.

7.   **Reasonable Attorneys' Fees and Costs.**  An award of $700,000 in attorneys' fees and costs to Class Counsel is fair and reasonable in light of the nature of this case, Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the class.

8.   **Reasonable Incentive Award.**  An incentive award of $7,500 to Plaintiff Bryan Vess is fair and reasonable in light of:  (a) Plaintiff's respective risks (including financial, professional, and emotional) in commencing this action as the Class Representative; (b) the time and effort spent by Plaintiff in litigating this action as the Class Representative; and (c) Plaintiff's public interest service.

9.   **Non-Persuasive Objections.**  The objectors' arguments do not preclude approval of the settlement and are overruled.   Twenty documents (for 22 class members) were filed as objections.  Five documents were mislabeled as objections.  Five documents were facially invalid because they failed to provide any legal and factual basis for an objection, and instead expressed frustrations over individual dealings with BANA (e.g. refusal of loan modification or loan forgiveness and personal hardship), which do not affect the settlement's terms or benefits.  The remaining ten objections challenged the equitable value of the relief provided, and the mechanism for ensuring compliance.  The Court, however, finds that the settlement provides valuable equitable relief to the class and has sufficient mechanisms for ensuring compliance.

IT IS ORDERED THAT:

10cv0920

1.    Class.  The class is defined as:

> All Bank of America customers in the United States that cur-
> rently have open HELOC Accounts that were suspended or
> reduced during the period from January 1, 2008 to April 29,
> 2010 based on Bank of America's claim that the property secur-
> ing the HELOC had significantly declined in value.  Excluded
> from the class are the Judges presiding over this case and any
> of their employees or immediate family members.

2.    Binding Effect of Order.  This order applies to all claims or causes of action settled under the Settlement Agreement, and binds all class members, including those who did not properly request exclusion under paragraph 6 of the preliminary approval of class action settlement and provisional class certification Order.  This order does not bind persons who filed timely and valid Requests for Exclusions.  At the hearing, Plaintiff's Counsel submitted an updated list of persons who properly requested to be excluded from the settlement. The list was accepted an evidence and will be docketed as Plaintiff's Exhibit 1 to the hearing. Plaintiff's Exhibit 1 will supersede the previouslt submitted Exhibit A in these regards.

3.    Release.  Plaintiff and all class members who did not properly request exclusion are:  (1) deemed to have released and discharged Defendant from all claims arising out of or asserted in this action and all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims.  The full terms of the release described in this paragraph are set forth in paragraph 4 of the Settlement Agreement.

4.    Benefits for the Proactive Reinstatement Group.  Per the settlement, Defendant will proactively offer partial or full account reinstatement, under its current reinstatement and underwriting guidelines, to a subset group of class members.  Defen-dant will notify this group about the reinstatements as provided in the Settlement Agreement.

5.    Benefits for the Qualifying Accounts Group.  No later than 90 days after entry of this Order, but without limitation to Defendant mailing letters prior to this date, Defendant will send the Notice of Right to Request Reinstatement letters, substantially

10cv0920

similar to the form attached to the Settlement Agreement as Exhibit C.3 to class members with accounts deemed to be Qualifying Accounts, as the term is defined in the Settlement Agreement, and who will not receive the proactive reinstatement letters, i.e., Exhibit C.1 or Exhibit C.2.  Qualifying Accounts is defined to mean HELOC accounts that do not meet any of the following criteria:

a. The securing property has a Combined Loan to Value Ratio over 100 percent;

b. BANA's AVM shows 75 percent or greater reduction securing property's equity;

c. Any borrower has a FICO score less than 640;

d. Any borrower has been delinquent on HELOC payments within the prior 12 months;

e. Any borrower has completed or is in negotiation for a home equity or first mortgage workout (short sale, deed in lieu, foreclosure, etc.);

f. Any borrower has been declined for reinstatement within the last 6 months;

g. Any borrower is currently past due on his/her HELOC payments;

h. The initial draw period on the HELOC will expire within 6 months of the date the Notice of Right to Request Reinstatement letter is sent; or

i. Any named borrower is subject to marketing restrictions, such as do not solicit requests, is subject to a bankruptcy proceeding, or is in litigation regarding the HELOC Account.

The letter will inform the group that BANA will review their accounts for full or partial reinstatement if they complete and return (within 30 days of the date the Notice of Right to Request Reinstatement Letter is sent) an enclosed Request for Reinstatement form and explain why their property has not significantly declined in value.  If a class member elects to be considered for reinstatement through this process, he/she agrees to waive any notice required under the Fair Credit Reporting Act or state equivalents attendant with the relief contemplated under the Settlement Agreement.  Utilization of this method of review does not otherwise affect a class member's rights under any applicable statutes.

6. Benefits for the Non-Qualifying Accounts Group.  Class members without Qualifying Accounts will have the right to request BANA to review their accounts for

10cv0920

full or partial reinstatement.  The procedures for making that request were provided in the court-approved Class Notice and modified by the Court's Order Granting the Parties' Joint Motion to Extend Deadlines (Dkt. No. 74).  BANA will accept requests submitted until 120 days after entry of this Order.  These class members will not be sent a Notice of Right to Request Reinstatement letter (Exhibit C.3).  Any class member who timely requests reinstatement of a non-Qualifying Account shall be afforded the same review as class members' with Qualifying Accounts, i.e., Defendant will consider the Request for Reinstatement Review according to Defendant's then current underwriting guidelines.

7.    Enhanced Suspension Notice Benefit.  For at least 3 years after the Effective Date, Defendant will maintain a toll-free phone number that customers can call to request the valuation Defendant placed on the securing property.  Defendant also will include this number in its HELOC suspension and reduction notices for suspensions and reductions based on a significant decline in property value.

8.    Enhanced Valuation Method Benefit.  For HELOC Accounts of $250,000 or more, Defendant will utilize an additional valuation methodology in determining the value of the property or dwelling securing the HELOC Accounts where the AVM does not support a partial or full reinstatement.

9.    Attorney's Fees and Costs.  Class Counsel is awarded $700,000 in fees and costs.  Defendant must pay Class Counsel this amount to Patterson Law Group, APC within the timeline set forth in the Settlement Agreement.

10.    Calculation of Attorneys' Fees.  The Court used the lodestar method to calculate the attorneys' fees award.  The Court finds that Class Counsel's hours and expenses were reasonable.  The Court did not apply a multiplier because the requested amount of attorneys' fees and costs was less than Class Counsel's base lodestar.

11.    Incentive Award.  Plaintiff Bryan Vess is awarded $7,500 as an incentive award.  Defendant must pay Plaintiff this amount within the timeline set forth in paragraph 8.4 of the Settlement Agreement.

10cv0920

12. Objections Overruled. The objections are overruled for the reasons stated above.

13. Appellate Bond. Pursuant to Rule 7 of the Federal Rules of Civil Procedure, in a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to insure that any appellants have the ability to pay Plaintiff's costs and fees should opposing an appeal be necessary. See *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1028 (9th Cir. 2001); See also Fed. R. App. P. 7 ("Rule 7"). The Court orders that a $15,000 bond must accompany an appeal of this Order.

14. Court's Jurisdiction. Pursuant to the parties' request, the Court will retain jurisdiction over this action and the parties until final performance of the Settlement Agreement.

IT IS SO ORDERED.

DATED: October 24, 2013

Hon. Anthony J. Battaglia
U.S. District Judge

10cv0920